IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| LOUIS EUGENE CUNNINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-05-515-S-BLW |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| R. BLADES, Warden; ATTENCIO, Asst. Warden; LT. BROMLEY; FLETCHER, Sergeant; CAPT. CLUNEY, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff's Complaint was conditionally filed on December 20, 2005. The Court now reviews the Complaint to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court also reviews Plaintiff's Motion to Proceed in Forma Pauperis. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

I.

**REVIEW OF COMPLAINT**

**A.     Background**

Plaintiff alleges that his counsel in his criminal case sent him a $5,000 check as a refund of his retainer. Plaintiff alleges that he needed to use the money to hire a new lawyer. Plaintiff alleges that Defendants opened his legal mail, took the check, spoke to his attorneys about the check, and refused to give it to him. He asserts that his

**INITIAL REVIEW ORDER   1**

constitutional rights were violated.  He also asserts a variety of state law causes of action.

**B.	Applicable Law**

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion thereof which states a frivolous or malicious claim, which fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Plaintiff, as a prison inmate, retains the First Amendment right to send and receive mail.  *See Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989).  The detention, inspection, and censoring of mail by prison officials in order to uncover contraband has been held to further a legitimate penological interest.  *Mann v. Adams*, 846 F.2d 589, 591 (9th Cir.), *cert. denied,* 488 U.S. 898 (1988).

**C.	Discussion of Plaintiff's Claims**

Plaintiff may assert a First Amendment claim that his right to receive legal mail was violated, regardless of whether he was actually injured because there is a distinct First Amendment right protecting inmates' legal mail.  *See, e.g.*, *Witherow v. Paff*, 52 F.3d 264, 265-66 (9th Cir. 1995); *Crofton v. Roe*, 170 F.3d 957, 959 (9th Cir. 1999) (all citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)); *see also Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998) (holding that Prisoner Litigation Reform Act § 1997e(e),

**INITIAL REVIEW ORDER   2**

requiring a prior showing of actual injury, "does not apply to First Amendment claims regardless of the form of relief sought.").

However, Plaintiff may not pursue a First Amendment access to courts claim because he has not provided any facts to show that he suffered an actual injury as a result of Defendants' actions. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). He states that his criminal case was delayed as a result of the withheld check, but he has stated no actual injury. Therefore, Plaintiff may not pursue an access to courts claim on his facts.

Plaintiff also asserts that his constitutional right to retain personal property was violated. However, the negligent or intentional unauthorized deprivation of property by prison officials does not state a cognizable cause of action under § 1983 if the prisoner has an adequate state post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *Taylor v. Knapp*, 871 F.2d 803, 805-06 (9th Cir.1989), *cert. denied*, 493 U.S. 868 (1989).

Idaho has adopted the Idaho Tort Claims Act, I.C. § 6-901, *et seq.*, to provide a remedy for citizens injured by the tortious acts of governmental entities, officials and employees. Because the Idaho Tort Claims Act provides a method whereby Plaintiff can obtain redress for his personal property damage, his claims are not of a constitutional magnitude. Plaintiff may pursue his state law claims regarding his deprivation of personal property in this action as supplemental jurisdiction claims only if Plaintiff has filed a timely notice of tort claim.

**INITIAL REVIEW ORDER   3**

Plaintiff may not pursue claims that Defendants' actions violated "statutory law, rule, regulation, policy and procedure, administrative law, or federal code of federal rule," without a specification of the particular law or rule and a showing that Plaintiff's facts will support such a claim.

There is no respondeat superior liability under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Therefore, Plaintiff cannot proceed under that theory.

Plaintiff has vaguely alleged that Defendants were involved in a conspiracy to violate his civil rights. The elements of a conspiracy to deprive another of his civil rights are as follows' "(1) the existence of an express or implied agreement among the [defendants] to deprive him of his constitutional rights; and (2) an actual deprivation of those rights resulting from that agreement." *Ting v. U.S.*, 927 F.2d 1504 (9th Cir. 1991) (*Bivens* action relying on § 1983 case, *Dooley v. Reiss*, 736 F.2d 1392, 1394-95 (9th Cir. 1984)).

Because a deprivation of personal property is not a claim of constitutional magnitude, Plaintiff's claim of conspiracy fails to state a claim upon which relief can be granted.

**D.     Summary**

Plaintiff may proceed on his First Amendment claim that his right to receive legal mail was violated. He may proceed on state tort law claims only if he has filed a proper and timely Notice of Tort Claim. This Order does not guarantee that any of Plaintiff's

**INITIAL REVIEW ORDER   4**

claims will be successful; it merely finds that one or more is colorable, meaning that those claims will not be summarily dismissed at this stage.  This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims.  It is Plaintiff's burden to thoroughly set forth the legal and factual basis for each of his claims so that Defendants can properly defend against them.

E.In Forma Pauperis Application

Plaintiff states that he has $4,937.00 in his prison trust account.  Because Petitioner has a large sum in his prison trust account, and his living expenses are paid by the taxpayers, the Court will deny in forma pauperis status.  Plaintiff shall pay the $250.00 filing fee no later than February 17, 2006, or his case shall be dismissed without prejudice.

F.Service

Plaintiff is responsible for effecting service on Defendants no later than May 31, 2006.  Otherwise, his claims will be dismissed without prejudice.



G.Appointment of Counsel

Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake.  *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981).  Whether a court appoints counsel for indigent litigants is within the court's discretion.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31

**INITIAL REVIEW ORDER   5**

(9th Cir. 1986).

In civil cases, counsel should be appointed only in "extraordinary cases." *Id.* at 1330. To determine whether extraordinary circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id.*

Applying the factors to this case, the Court finds that Plaintiff's Complaint, liberally construed, states a claim upon which relief could be granted if the allegations are proven at trial. However, without more than the bare allegations of the Complaint, it is presently impossible to determine the likelihood of Plaintiff's success on the merits. The Court also finds that Plaintiff has articulated his claims sufficiently, and that the legal issues are not complex in this matter. Based on the foregoing reasons the Court finds it appropriate to deny Plaintiff's Motion for Appointment of Counsel.

## II.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

A.  Plaintiff's Motion to Proceed in Forma Pauperis (Docket No.1) is DENIED. Plaintiff shall pay the $250.00 filing fee no later than **February 28, 2006**, or his entire case shall be dismissed.

**INITIAL REVIEW ORDER   6**

B. Plaintiff is responsible for effecting service on Defendants no later than **May 31, 2006.**

C. Plaintiff's Motion for Appointment of Counsel (contained in his Complaint) is DENIED.

D. The following causes of action are DISMISSED for failure to state a claim upon which relief can be granted: (1) federal access to courts claim; (2) federal deprivation of personal property claim; (3) federal respondeat superior claims; (4) claims that Defendants' actions violated "statutory law, rule, regulation, policy and procedure, administrative law, or federal code of federal rule"; and (5) civil rights conspiracy claims.

DATED:  **February 7, 2006**

_____
B. LYNN WINMILL
Chief Judge
United States District Court

**INITIAL REVIEW ORDER   7**